IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION


MELINDA BEASLEY PEARSON,          *
                                  *
          Plaintiff,              *
                                  *
     v.                           *
                                  *          CV 114-110
                                  *
AUGUSTA, GEORGIA through its      *
Mayor Hardie Davis, Jr., in his   *
official capacity, and its        *
commission, in its official       *
capacity et al.,                  *
                                  *
          Defendants.             *


_____

**O R D E R**
_____



I.    **Background**

     In May 2014, Plaintiff Melinda Pearson filed suit against

the City of Augusta ("the City"), Fred Russell, Bill Shanahan,

Sam Smith, and two unnamed defendants alleging a number of

claims ("Pearson I").   (Doc. 1.)   Following Defendants' motions

to dismiss (docs. 15, 16, 17, 18), only the following claims

remain: (1) FMLA and FSLA retaliation claims against the City

and (2) claims for violation of Due Process and Equal

Protection.    (Doc. 1.)    The parties litigated this matter

through the close of discovery, and five motions for summary judgment are currently pending on the Court's docket. (Docs. 54, 55, 56, 57, 58.) Just after the close of the discovery, however, Plaintiff initiated a second case against the City ("Pearson II"). Pearson v Augusta, No. CV 115-123 (S.D. Ga. Aug. 10, 2015). This second case, which the parties admit is based on the same facts as the first case, asserts race- and gender-discrimination claims pursuant to Title VII, a hostile-work-environment claim, a Title VII retaliation claim, and a disability-discrimination claim. (Doc. 6.) Plaintiff now moves to consolidate Pearson I and Pearson II.

In November 2012, Plaintiff filed a charge of discrimination with the EEOC claiming that she was demoted because of her race. (Doc. 28, Exs. 3, 7.) Then, after her employment with the City was terminated, Plaintiff filed a second charge with the EEOC in April 2013. (Doc. 28, Exs. 3, 10.) Plaintiff did not receive her right-to-sue letter for these charges until July 2015, and she filed her complaint in Pearson II on August 10, 2015 based on these alleged violations. (Doc. 28, Ex. 14.) At no time during the Pearson I litigation did Plaintiff or her counsel inform Defendants about the pending EEOC charges. Nor did Plaintiff ever move to stay the litigation pending receipt of her right-to-sue letter. Instead, Plaintiff chose to wait until she received the right-to-sue

letter and initiate the separate action, creating the procedural quagmire the Court now faces.

## II.  **Discussion**

### 1.  **Plaintiff's Motion to Consolidate**

Plaintiff seeks to consolidate Pearson I and Pearson II under Federal Rule of Civil Procedure 42 because the two cases involve a common question of fact.  See Fed. R. Civ. P. 42(a)(2).  Defendants argue that because Plaintiff should have brought all of her claims together, consolidation is inappropriate.  Although the Court agrees that Plaintiff *should* have brought all of her claims together, under these facts and circumstances, Plaintiff was not required to do so.

Any time a plaintiff seeks to bring a Title VII case, the plaintiff must first file a charge with the EEOC and receive notice of her right to sue the defendant.  42 U.S.C. § 2000e-5(f)(1); Forehand v. Fla. State Hosp., 89 F.3d 1562, 1567 (11th Cir. 1996).  If 180 days passes without the EEOC taking action on the charge, the EEOC must notify the plaintiff of her right to bring suit.  42 U.S.C. § 2000e-5(f)(1). However, if a plaintiff does not receive the right-to-sue letter after the 180-day period has expired, she may bring the claim without the letter and request equitable modification of the rule.  Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 125-26 (11th Cir. 1983); Gonzalez v. Nat'l Settlement Sols., No.

14-80484 2014 WL 4206812, at *2-3 (S.D. Fla. Aug. 25, 2014). In this case, Defendants argue that Plaintiff could have begun demanding action from the EEOC earlier and that she could have filed suit without the letter. Defendants are correct, and the Court suspects that in most cases, this would have occurred. But Defendants have not pointed to any authority that required Plaintiff to file her claims without a right-to-sue letter and then seek equitable modification. And denying the motion on that argument would possibly lead to an unjust result considering the preclusive effect denying consolidation may have. That is, if the Court denies the motion to consolidate and Pearson I reaches final judgment before Pearson II, Plaintiff would likely face a claim-preclusion issue. See generally 18 Wright & Miller et al., Federal Practice and Procedure § 4404. Accordingly, the Court finds consolidation proper and **GRANTS** Plaintiff's motion. The Court, however, instructs the parties to continue to follow the scheduling order issued in Pearson II until the April 9, 2016 motions deadline.

2. **Motions for Summary Judgment**

In Pearson I, there are currently five motions for summary judgment pending. (Docs. 54, 55, 56, 57, 58.) As noted, pursuant to the scheduling order in Pearson II, motions on those issues are currently due April 9, 2016. To avoid confusion and facilitate judicial efficiency, the Court will reserve ruling on the motions filed in Pearson I until after motions have been

4

filed on the issues presented in Pearson II. The parties are, however, reminded that the issues presented in the Pearson I motions have already been fully briefed and are instructed to address only arguments related to the legal issues raised in Pearson II.

3.   **The City's Motion to Dismiss**

Currently pending in Pearson II is the City's motion to dismiss. (Pearson II Doc. 10.) Because the Court has consolidated these cases, it will now address this motion. The City's motion raises three issues: (1) res judicata; (2) failure to exhaust administrative remedies; and (3) statute of limitations.

The City's res judicata argument is based on the theory mentioned above: that Plaintiff should have brought her discrimination claims under the theory of equitable modification. Because final judgment has not been entered in Pearson I and because this case has now been consolidated, dismissal on this issue is not appropriate. See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (noting that, for res judicata to be proper, "there must have been a final judgment on the merits."). On this issue, the City's motion is **DENIED**.

In her amended complaint, Plaintiff raised claims for disability discrimination with respect to her demotion and termination, and the City now moves to dismiss the claim based

on her demotion because Plaintiff's EEOC charge did not address such a claim. In her response, Plaintiff admits that she did not exhaust her administrative remedies for that claim, conceding that dismissal on that issue is appropriate. (Pearson II Doc. 12 at 1 n.1.) Accordingly, with respect to Plaintiff's disability-discrimination claim based on her demotion, the City's motion is **GRANTED**.

The City's statute-of-limitations argument is based on Plaintiff's complaint alleging facts as far back as 1999. Plaintiff's response clarifies that her claim is based on acts within the statutory period and that the previous acts are presented as background information. Upon review of the amended complaint, and in light of Plaintiff's explanation, the Court cannot say that Plaintiff is basing her claims on acts that occurred outside of the statute of limitations. Accordingly, the City's motion on this issue is **DENIED**.

## III. Conclusion

For the reasons discussed above, Plaintiff Melinda Pearson's motion to consolidate (doc. 28) is **GRANTED**. The Clerk is instructed to **CONSOLIDATE** case numbers CV 114-110 and CV 115-123. This case will now go forward as case number CV 114-110. The Court will **RESERVE RULING** on the pending motions for summary judgment until all additional motions have been filed. Furthermore, the Court **GRANTS in part and DENIES in part**

Defendant City of Augusta's motion to dismiss (Pearson II doc. 10).

ORDER ENTERED at Augusta, Georgia this 2nd day of March, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA